MICHAEL R. HALL, ESQ.
Nevada Bar No. 005978
mhall@lawhjc.com
STEPHEN M. DIXON, ESQ.
Nevada Bar No. 010025
sdixon@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702) 316-4114

*Attorneys for Defendant,*
*Ninyo & Moore, Geotechnical Consultants dba Ninyo &*
*Moore Geotechnical & Environmental Sciences Consultants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS ROCK and DEBBY ROCK, Individually and as Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO & MOORE GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS, a Foreign Corporation; ROADSAFE TRAFFIC SYSTEMS, INC., a Foreign Corporation; DOE INDIVIDUALS 1 through 100; and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY)**<br><br>**JURY DEMANDED** |

Pursuant to 28 U.S.C. Section 1441 (b), Defendant, NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO & MOORE GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS ("Ninyo & Moore"), by and through its attorneys of record, MICHAEL R. HALL, ESQ. and STEPHEN M. DIXON, ESQ., of the law firm of HALL JAFFE & CLAYTON, LLP, files this Petition for Removal of Clark County District Court Case No. A-17-754824-C styled *Louis Rock and Debby Rock v. Ninyo & Moore, et al.* and states as follows:

1. On May 4, 2017, Plaintiffs Louis Rock and Debby Rock ("Plaintiffs") commenced an action in the Eighth Judicial District Court, Clark County, State of Nevada, entitled *Louis Rock and Debby Rock v. Ninyo & Moore, et al.* Case No. A-17-754824-C. Plaintiffs served the Summons and First Amended Complaint on Ninyo & Moore on May 15, 2017. Copies of the Summons and First Amended Complaint are attached hereto as **Exhibits "A,"** and **"B."** These constitute all of the pleadings served on defendant Ninyo & Moore except for a Petition for Exemption From Arbitration which is discussed more fully below. Defendant Ninyo & Moore filed and served its Answer to Plaintiffs' First Amended Complaint on June 5, 2017. A copy of that Answer is attached hereto as **Exhibit "C."**

2. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this Court by Defendant Ninyo & Moore pursuant to the provisions of 28 U.S.C. Section 1441 (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Plaintiffs are citizens of Nevada. Defendant Ninyo & Moore is a foreign Corporation. The other named Defendant, Roadsafe Traffic Systems, Inc. ("Roadsafe) is also a foreign corporation. Roadsafe has yet to make an appearance in this case and upon information and belief has yet to retain counsel. Once counsel is retained, consent will be sought for removal with Roadsafe. Thus, Plaintiffs and both defendants are citizens of different states and diversity jurisdiction is appropriate.

4. Venue is appropriate pursuant to 28 U.S.C. Section 1441(a) and LR IA6-1.

5. The matter in controversy exceeds the sum of $75,000. Plaintiffs asserted in their complaint that they are entitled to general, special, and punitive damages in excess of $10,000 (which is the prior threshold for state jurisdiction and not an estimate of individual damages incurred by the Plaintiffs in this matter) plus attorney's fees and costs.

According to the First Amended Complaint, Plaintiff Louis Rock was driving his vehicle when it struck a metal object in the road that was sticking out of the lane in which he was traveling. That as a result of the accident, Plaintiffs allege that Louis Rock has "received medical and other treatment, and that said services, care, and treatment is continuing and shall continue in the future." See **Exhibit "B."** In addition, Plaintiff Louis Rock alleges "physical impairment, mental anguish, and

loss of enjoyment of life . . . a loss of past and future earnings, and earning capacity . . . [as well as] a loss of past and future household services." See **Exhibit "B."** Plaintiff Louis Rock also alleged in the First Amended Complaint that he "sustained personal injuries, some of which conditions may be permanent and disabling." See **Exhibit "B."**

Plaintiffs recently petitioned the Clark County District Court for a removal from Nevada's mandatory arbitration program on June 6, 2017. In that Petition, Plaintiffs asserted that Louis Rock's medical damages currently total $487,086.88. See Plaintiffs' Petition for Exemption, a copy of which is attached hereto as **Exhibit "D."** As a result, Plaintiffs are highly likely to ask a jury for more than the $75,000 jurisdictional threshold and general and special damages.

6.   A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. Hamrick v. REO Props. Corp., 2010 U.S. Dist. LEXIS 85073 (Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. Id. The pertinent question the Court is to ask is whether or not plaintiff is likely to ask a jury for an amount above $75,000. Canonico v. Seals, 2013 U.S. Dist. LEXIS 60047 (Nev. 2013).

As such, the appropriate figure to use in determining whether Ninyo & Moore has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiffs will recover, but rather the total potential value of Plaintiffs' claims considering all of the allegations in all the asserted damages. If Ninyo & Moore can show by a preponderance of the evidence that: (1) Plaintiffs are likely to ask from the jury an amount over the jurisdictional threshold, or (2) for a jury to award Plaintiffs full recovery that would be over the jurisdictional threshold, then jurisdiction with the Federal Court should remain. As such, it is apparent from the type of damages alleged by Plaintiffs that the amount in controversy is in excess of $75,000 exclusive of interest and costs. It is also apparent that Ninyo & Moore has satisfied the jurisdictional threshold.

///
///
///

7. Based on the foregoing, Defendant Ninyo & Moore respectfully submits that (a) there is diversity of citizenship between Plaintiffs, Defendant Ninyo & Moore, and Defendant Roadsafe, and (b) the amount in controversy exceeds $75,000. This action is, therefore, properly removed to the United States District Court for the Southern District of Nevada.

DATED this 15 day of June, 2017.

HALL JAFFE & CLAYTON, LLP

By_____
MICHAEL R. HALL, ESQ.
Nevada Bar No. 005978
STEPHEN M. DIXON, ESQ.
Nevada Bar No. 010025
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant,*
*Ninyo & Moore, Geotechnical Consultants dba Ninyo & Moore Geotechnical & Environmental Sciences Consultants*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 15th day of June, 2017, the foregoing **PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY)** was served upon the parties by the Court's designated electronic filing and service program and/or by placing an original or true copy thereof in a sealed envelope, and depositing it in the U.S. Mail, postage prepaid, at Las Vegas, Nevada, addressed as follows:

> Robert T. Eglet, Esq.
> Robert M. Adams, Esq.
> EGLET PRINCE
> 400 South Seventh Street, 4th Floor
> Las Vegas, NV 89101
> *Attorneys for Plaintiffs*

_____
An Employee of
HALL JAFFE & CLAYTON, LLP

5