Exhibit A

Electronically Filed
5/24/2017 10:03 AM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| LOUIS ROCK and DEBBY ROCK, Individually and as Husband and Wife,<br><br>    Plaintiffs,<br>vs.<br><br>NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO & MOORE GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS, a Foreign Corporation; ROADSAFE TRAFFIC SYSTEM, INC., a Foreign Corporation; DOE INDIVIDUALS 1 through 100; and ROE CORPORATIONS 1 through 100, inclusive,<br><br>    Defendants. | Case No. A-17-754824-C<br><br>Dept. No. XIII |

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Amended Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

   NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO & MOORE
      GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS

   1.   If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the date of service, you must do the following:

   a.   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b.   Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

_____
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
**EGLET PRINCE**
400 S. 7th Street, Suite 400
Las Vegas, NV 89101
(702) 450-5400
*Attorneys for Plaintiffs*

Steven D. Grierson, Clerk of Court

By: _____
Deputy Clerk
County Courthouse
200 Lewis Avenue
Las Vegas, NV 89101

| | |
|---|---|
| STATE OF NEVADA ) | |
| ) ss. | AFFIDAVIT OF SERVICE |
| COUNTY OF CLARK ) | |

_____Jaime Rangel_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received __1__ copy(ies) of the Summons, Complaint and Demand for Jury Trial and First Amended Complaint and District Court Civil Cover Sheet on the **12th** day of **May**, 2017 and served the same on the **15th** day of **May**, 2017 by:

(Affiant must complete the appropriate paragraph)

1. Delivering and leaving a copy with the defendant _____ at _____.

2. Serve the defendant _____ by personally delivering and leaving a copy with _____, as person of suitable age and discretion residing at the defendant's usual place of abode located at _____.
(Confirmed with _____ Defendant lives at stated address.)

(Use paragraph 3 for serve upon agent, completing A or B)

3. Serving the defendant **Ninyo & Moore, Geotechnical Consultants dba Ninyo & Moore Geotechnical & Environmental Science Consultants, a Foreign Corporation** by personally delivering and leaving a copy at **6700 Paradise Dr. #E, Las Vegas, Nv 89119 @ 2:25 pm**.

   a. With _____ as _____, an agent lawfully designated by statue to accept service of process;

   b. With **Bruce D. Bowman w/ Samantha Greenwalt (administration Assistant)**, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

   _____ ordinary mail
   _____ certified mail, return receipt requested
   _____ registered mail, return receipt requested

addressed to the defendant _____ at the defendant's last known address which is _____.

SUBSCRIBED AND SWORN to before me this
___ day of ___May___, 2017

_____
NOTARY PUBLIC

Jaime Rangel -- Registration# R-086750
KC Investigations, LLC
1148 Maryland Parkway
Las Vegas, NV 89104
License # 2086C



NOTARY PUBLIC
MAYBETH ANDRADE
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP FEB 1, 2020
No: 16-2006-1

Exhibit B

Electronically Filed
05/04/2017 03:53:25 PM

CLERK OF THE COURT

1  FAC
2  ROBERT T. EGLET, ESQ.
   Nevada Bar No. 3402
3  ROBERT M. ADAMS, ESQ.
   Nevada Bar No. 6551
4  **EGLET PRINCE**
5  400 South Seventh Street, 4th Floor
   Las Vegas, NV 89101
6  (702) 450-5400
   Email: eservice@egletlaw.com
7  *Attorneys for Plaintiffs*
8

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| LOUIS ROCK and DEBBY ROCK, Individually and as Husband and Wife, | CASE NO.: A-17-754824-C |
| Plaintiffs, | DEPT. NO.: XIII |
| vs. | **FIRST AMENDED COMPLAINT** |
| NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO & MOORE GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS, a Foreign Corporation; ROADSAFE TRAFFIC SYSTEMS, INC., a Foreign Corporation; DOE INDIVIDUALS 1 through 100; and ROE CORPORATIONS 1 through 100, inclusive, | **EXEMPTION FROM ARBITRATION REQUESTED - AMOUNT IN EXCESS OF $50,000** |
| Defendants. | |

COMES NOW Plaintiffs, LOUIS ROCK and DEBBY ROCK, Husband and Wife, by and through their attorneys, ROBERT T. EGLET, ESQ. and ROBERT M. ADAMS, ESQ. of the law firm **EGLET PRINCE**, and for their causes of action against the Defendants, and each of them, complain and allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, LOUIS ROCK is and at all times relevant hereto is a resident of the State of Nevada, County of Clark.

2. Plaintiff, DEBBY ROCK is and at all times relevant hereto is a resident of the State of Nevada, County of Clark.

3. Defendant, NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO & MOORE GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS (hereinafter "NINYO"), upon information and belief, is a Foreign Corporation authorized to do and doing business in the County of Clark, State of Nevada.

4. Defendant, ROADSAFE TRAFFIC SYSTEMS, INC. (hereinafter "ROADSAFE"), upon information and belief, is a Foreign Corporation authorized to do and doing business in the County of Clark, State of Nevada.

5. The true names and the capacities, whether individual, agency, corporate, associate or otherwise, of Defendant DOE INDIVIDUALS 1 through 100, inclusive, are unknown to Plaintiffs. Plaintiffs will ask leave of the Court to amend this Complaint to show the true names and capacities of these Defendants, when they become known to Plaintiffs. Plaintiffs believe each Defendant named as DOE was responsible for contributing to Plaintiffs' damages as set forth herein.

6. The true names and the capacities, whether individual, agency, corporate, associate or otherwise, of Defendant ROE CORPORATIONS 1 through 100, inclusive, are unknown to Plaintiffs. Plaintiffs will ask to leave of the Court to amend this Complaint to show the true names and capacities of these Defendants, when they become known to Plaintiffs. Plaintiffs believe each Defendant named as ROE CORPORATION was responsible for contributing to Plaintiffs' damages as set forth herein.

7. Plaintiffs are informed and believe, and based upon such information and belief, allege that each of the Defendants herein designated as DOES and/or ROE CORPORATIONS are in some manner responsible for the occurrences and injuries sustained and alleged herein.

8. Plaintiffs are informed and believe and thereon allege that at all relevant times herein mentioned Defendants, and each of them, were the agents and/or servants and/or partners and/or joint venture partners and/or employers and/or employees and/or contractors of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership, contract or joint venture and with the knowledge and consent of the remaining Defendants at the time of the event leading to Plaintiff LOUIS ROCK'S injury.

9. Exercise of the jurisdiction by this Court over each and every Defendant in this action is appropriate because each and every Defendant has done, and continues to do, business in the State of Nevada, and committed a tort in the State of Nevada.

10. Venue is proper in Clark County, Nevada as the conduct, damages, and property at issue herein are located in Clark County.

## GENERAL FACTUAL ALLEGATIONS

11. That on or about May 12, 2015, Plaintiff LOUIS ROCK was driving his vehicle westbound on Cheyenne Avenue, near Decatur Boulevard, in the City of Las Vegas, County of Clark, State of Nevada, when Plaintiff LOUIS ROCK's vehicle struck a metal object that was sticking out of the travel lane in the roadway.

12. That the Defendants, and each of them, were in some manner responsible for the planning and/or design and/or construction and/or maintenance and/or monitoring and/or supervising and/or barricading of all or part of the relevant portions of Cheyenne Avenue in the City of Las Vegas, County of Clark, State of Nevada, at or near the location of the subject collision, which planning and/or design and/or construction and/or maintenance and/or monitoring and/or supervising and/or barricading was performed, or failed to be performed, in such a negligent and careless manner as to cause the subject collision.

13. That Defendants, and each of them, posted no warning signs, cones or barriers to alert individuals, that a metal object was sticking out of the travel lane in the roadway, including Plaintiff LOUIS ROCK.

14. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff LOUS ROCK sustained personal injuries, some of which conditions may be permanent and disabling, and all to Plaintiff LOUIS ROCK'S damage, in a sum in excess of

3

Ten Thousand Dollars ($10,000.00).

15. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff LOUIS ROCK received medical and other treatment, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of Plaintiff LOUIS ROCK.

16. That as a direct and proximate result of the incident, Plaintiff LOUIS ROCK has experienced pain, suffering, and emotional distress, all of which are damages recoverable by Plaintiff LOUIS ROCK, in an amount in excess of ten thousand dollars ($10,000.00).

17. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff LOUIS ROCK has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff LOUIS ROCK physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

18. That Plaintiff LOUIS ROCK has suffered a loss of past and future earnings, and earning capacity.

19. That as a further direct and proximate result, Plaintiff LOUIS ROCK has suffered a loss of past and future household services in an amount to be proven at trial.

20. That as a direct and proximate result of the injuries suffered by Plaintiff LOUIS ROCK, Plaintiff DEBBY ROCK has suffered a loss of consortium in an amount in excess of Ten Thousand Dollars ($10,000.00).

## FIRST CAUSE OF ACTION

### (Negligence Against All Defendants)

21. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

22. Defendants, and each of them, owed a duty to Plaintiffs to use reasonable care to avoid the creation of a dangerous condition.

23. Defendants, and each of them, failed to use reasonable care in the planning and/or design and/or construction and/or maintenance and/or monitoring and/or supervising and/or

barricading of all or part of Cheyenne Avenue in the City of Las Vegas, County of Clark, State of Nevada, at or near the location of the subject collision, which planning and/or design and/or construction and/or maintenance and/or monitoring and/or supervising and/or barricading was performed, or failed to be performed, in such a negligent and careless manner as to cause the subject collision which resulted in Plaintiff LOUIS ROCK'S severe injuries.

24. That Defendants, and each of them, posted no warning signs, cones or barriers to alert individuals that a metal object was sticking out of the travel lane of the roadway

25. Defendants, and each of them, negligently, willfully, and/or recklessly failed to perform certain responsibilities and duties owed to Plaintiffs, inter alia:

  a. By negligently and carelessly failing to warn Plaintiff LOUIS ROCK and others driving on the subject roadway of such dangerous and hazardous conditions;

  b. By negligently, carelessly, and unreasonably creating an unavoidable, dangerous and hazardous condition; and

  c. By failing to establish and enforce such other measures necessary and reasonable to protect Plaintiff LOUIS ROCK and others like him, from dangerous and hazardous conditions.

26. The Defendants, and each of them, acted recklessly, maliciously, and/or oppressively with intent to injure Plaintiff LOUIS ROCK with serious bodily harm. For the reasons set forth herein, Plaintiffs are entitled to exemplary damages in an amount to be determined at trial.

27. Defendants, and each of them, knew or should have known of the subject danger/and or hazard, but failed to supervise and/or manage and/or monitor and/or warn individuals of the danger and/or hazard.

28. That the severe injuries to Plaintiff LOUIS ROCK were proximately caused by the failure of Defendants, and each of them, to plan and/or design and/or construct and/or maintain and/or monitor and/or supervise and/or barricade all or part of Cheyenne Avenue or to warn Plaintiff LOUIS ROCK when the Defendants, and each of them, had actual or constructive notice of the dangerous condition.

29. That prior to the severe injuries suffered by Plaintiff LOUIS ROCK, Defendants,

5

## SECOND CAUSE OF ACTION

**(Negligence Per Se – Against All Defendants)**

39. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

40. At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants.

41. Plaintiffs were members of the class of persons for whose protections aid statutes, ordinances, and regulations were enacted or promulgated.

42. Plaintiff LOUIS ROCK'S severe injuries were the type, which said statutes, ordinances, and regulations were intended to prevent.

43. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff LOUIS ROCK sustained personal injuries, some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of Ten Thousand Dollars ($10,000.00).

44. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff LOUIS ROCK received medical and other treatment, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of Plaintiff LOUIS ROCK.

45. That as a direct and proximate result of the incident, Plaintiff LOUIS ROCK has experienced pain, suffering, and emotional distress, all of which are damages recoverable by Plaintiff, in an amount in excess of Ten Thousand Dollars ($10,000.00).

46. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff LOUIS ROCK has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff LOUIS ROCK physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

47. That Plaintiff LOUIS ROCK has suffered a loss of past and future earnings, and earning capacity.

48. That as a further direct and proximate result, Plaintiff LOUIS ROCK has suffered a loss of past and future household services in an amount to be proven at trial.

49. Defendants, and each of them, have acted with malice, and oppression. Plaintiffs, therefore, seek punitive damages by way of punishment and deterrence in an amount to be determined at trial.

50. That Plaintiffs have been required to retain the services of the law firm EGLET PRINCE to prosecute this action and are entitled to attorneys' fees and costs as provided by Nevada statute.

### THIRD CAUSE OF ACTION

### (Loss of Consortium Against All Defendants)

51. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

52. That Plaintiff DEBBY ROCK is the wife of Plaintiff LOUIS ROCK, and has been at all times relevant to this Complaint.

53. As a direct and proximate result of each of the Defendants' negligence, Plaintiff DEBBY ROCK has suffered loss of consortium and consequent severe emotional distress all to Plaintiff DEBBY ROCK'S damage in excess of Ten Thousand Dollars ($10,000.00).

54. That Plaintiffs have been required to retain the services of EGLET PRINCE to prosecute this action and are entitled to attorneys' fees and costs as provided by Nevada statute.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief, as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For general damages in excess of $10,000;
2. For special damages in excess of $10,000;
3. For punitive damages in an amount to be determined at trial;
4. For reasonable attorneys fees and costs;

5. Damages for lost past and future household services;

6. Damages for pain, disfigurement, mental anguish, and loss of enjoyment of life;

7. Damages for lost earnings and earning capacity, and future earning capacity;

8. Loss of consortium claim on behalf of Plaintiff DEBBY ROCK;

9. For pre- and post-judgment interest as provided by law;

10. For costs of suit; and

11. For any such further relief this Court deems appropriate.

DATED this ____26____ day of May, 2017.

EGLET PRINCE

_____
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ. ESQ.
Nevada Bar No. 6551
400 South Seventh Street, 4th Floor
Las Vegas, NV 89101
*Attorneys for Plaintiffs*