Exhibit C

Electronically Filed
6/5/2017 5:47 PM
Steven D. Grierson
CLERK OF THE COURT

1   **ANAC**
    MICHAEL R. HALL, ESQ.
2   Nevada Bar No. 005978
    mhall@lawhjc.com
3   STEPHEN M. DIXON, ESQ.
    Nevada Bar No. 010025
4   sdixon@lawhjc.com

5   **HALL JAFFE & CLAYTON, LLP**
    7425 PEAK DRIVE
6   LAS VEGAS, NEVADA 89128
    (702) 316-4111
7   FAX (702) 316-4114

8   *Attorneys for Defendant,*
    *Ninyo & Moore, Geotechnical Consultants dba Ninyo &*
9   *Moore Geotechnical & Environmental Sciences Consultants*

10                          **DISTRICT COURT**

11                     **CLARK COUNTY, NEVADA**

12

13  LOUIS ROCK and DEBBY ROCK, Individually         CASE NO.    A-17-754824-C
    and as Husband and Wife,                        DEPT NO.    XIII
14
                    Plaintiffs,
15
    vs.
16
    NINYO & MOORE, GEOTECHNICAL                     **DEFENDANT NINYO & MOORE,**
17  CONSULTANTS dba NINYO & MOORE                   **GEOTECHNICAL CONSULTANTS dba**
    GEOTECHNICAL & ENVIRONMENTAL                    **NINYO & MOORE GEOTECHNICAL &**
18  SCIENCES CONSULTANTS, a Foreign                 **ENVIRONMENTAL SCIENCES**
    Corporation; ROADSAFE TRAFFIC SYSTEMS,          **CONSULTANTS' ANSWER TO**
19  INC., a Foreign Corporation; DOE                **PLAINTIFFS' FIRST AMENDED**
    INDIVIDUALS 1 through 100; and ROE              **COMPLAINT**
20  CORPORATIONS 1 through 100, inclusive,

21                  Defendants.

22

23          Defendant, NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO &

24  MOORE GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS ("Ninyo &

25  Moore"), by and through its attorneys of record, MICHAEL R. HALL, ESQ. and STEPHEN M. DIXON,

26  ESQ., of the law firm of HALL JAFFE & CLAYTON, LLP, for its Answer to the Amended Complaint

27  filed by Plaintiffs LOUIS ROCK and DEBBY ROCK ("Plaintiffs"), hereby admits, denies, and

28  affirmatively alleges as follows:

## PARTIES AND JURISDICTION

1. Answering Paragraph 1, Ninyo & Moore lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in that Paragraph, and therefore denies them.

2. Answering Paragraph 2, Ninyo & Moore lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in that Paragraph, and therefore denies them.

3. Answering Paragraph 3, Ninyo & Moore affirmatively asserts that it is a California company with its principal place of business in San Diego, California.  Ninyo & Moore denies the remaining allegations contained in Paragraph 3.

4. Answering Paragraph 4, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in that Paragraph, and therefore denies them.

5. Answering Paragraph 5, the allegations in this Paragraph do not call for a response by this answering Defendant.  Nonetheless, and in an abundance of caution, Ninyo & Moore denies the allegations contained in Paragraph 5.

6. Answering Paragraph 6, the allegations in this Paragraph do not call for a response by this answering Defendant.  Nonetheless, and in an abundance of caution, Ninyo & Moore denies the allegations contained in Paragraph 6.

7. Answering Paragraph 7, the allegations in this Paragraph do not call for a response by this answering Defendant.  Nonetheless, and in an abundance of caution, Ninyo & Moore denies the allegations contained in Paragraph 7.

8. Answering Paragraph 8, Defendant denies that it was an agent or servant or partners or joint venture partners, employers or employees of any of the additional Defendants.  Ninyo & Moore denies the remaining allegations contained in Paragraph 8.

9. Answering Paragraph 9, Ninyo & Moore admits that jurisdiction is appropriate over it for the purposes of this lawsuit.  Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 9, and therefore denies them.

10. Answering Paragraph 10, Ninyo & Moore admits the venue is proper in this Court.  Defendant denies the remaining allegations contained in Paragraph 10.

## GENERAL FACTUAL ALLEGATIONS

11.     Answering Paragraph 11, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and therefore denies them.

12.     Answering Paragraph 12, Ninyo & Moore denies that it was responsible in any manner for any injuries or losses suffered by Plaintiffs herein.  Additionally, Ninyo & Moore denies the remaining allegations contained in Paragraph 12.

13.     Answering Paragraph 13, Ninyo & Moore admits that it posted no warnings or signs in the area where this accident is alleged to have occurred.  Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13, and therefore denies them.

14.     Answering Paragraph 14, Ninyo & Moore denies the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint.  Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 14, and therefore denies them.

15.     Answering Paragraph 15, Ninyo & Moore denies that it was negligent in any way in connection with the events described in the Amended Complaint.  Ninyo & Moore lacks sufficient knowledge or information as to the remaining allegations contained in Paragraph 15, and therefore denies them.

16.     Answering Paragraph 16, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16, and therefore denies them.

17.     Answering Paragraph 17,  Ninyo & Moore denies that it was negligent in any way in connection with the events described in the Amended Complaint.  As to the remaining allegations contained in Paragraph 17, Ninyo & Moore lacks sufficient knowledge or information, and therefore denies them.

///

///

18.     Answering Paragraph 18, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, and therefore denies them.

19.     Answering Paragraph 19, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, and therefore denies them.

20.     Answering Paragraph 20, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and therefore denies them.

## FIRST CAUSE OF ACTION
### (Negligence Against All Defendants)

21.     Ninyo & Moore incorporates each and every admission, denial, and affirmative allegation contained in Paragraphs 1 through 20 of this Answer as though fully set forth herein.

22.     Answering Paragraph 22, Ninyo & Moore admits that it owed a general duty of reasonable care.  Ninyo & Moore denies the remaining allegations contained in Paragraph 22.

23.     Answering Paragraph 23, Ninyo & Moore denies that it failed to use reasonable care or was in any way negligent in connection with the events described in the Amended Complaint. As to the remaining allegations contained in Paragraph 23, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies them.

24.     Answering Paragraph 24, Ninyo & Moore admits that it did not post any warnings, warning signs, cones or barriers near the area where the event at issue in the Amended Complaint was alleged to have occurred.  As to the remaining allegations in Paragraph 24, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies them.

25.     Answering Paragraph 25, Ninyo & Moore denies the allegations as they relate to it.  As to the remaining allegations contained in Paragraph 25, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies them.

1    26.    Answering Paragraph 26, Ninyo & Moore denies each and every one of the

2    allegations contained in that Paragraph.

3    27.    Answering Paragraph 27, Ninyo & Moore denies each and every one of the

4    allegations contained in that Paragraph.

5    28.    Answering Paragraph 28, Ninyo & Moore denies the allegations as they relate to

6    it.  As to the remaining allegations contained in Paragraph 28, Ninyo & Moore lacks sufficient

7    knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore

8    denies them.

9    29.    Answering Paragraph 29, Ninyo & Moore lacks sufficient knowledge or

10   information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29, and

11   therefore denies them.

12   30.    Answering Paragraph 30, Ninyo & Moore denies each and every allegation

13   contained in that Paragraph.

14   31.    Answering Paragraph 31, Ninyo & Moore denies the allegations contained in that

15   Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 31, Ninyo &

16   Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those

17   allegations, and therefore denies them.

18   32.    Answering Paragraph 32, Ninyo & Moore denies the allegations contained in that

19   Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 32, Ninyo &

20   Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those

21   allegations, and therefore denies them.

22   33.    Answering Paragraph 33, Ninyo & Moore lacks sufficient knowledge or

23   information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and

24   therefore denies them.

25   34.    Answering Paragraph 34, Ninyo & Moore denies the allegations contained in that

26   Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 34, Ninyo &

27   Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those

28   allegations, and therefore denies them.

35.     Answering Paragraph 35, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and therefore denies them.

36.     Answering Paragraph 36, Ninyo & Moore denies the allegations contained in that Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 36, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies them.

37.     Answering Paragraph 37, Ninyo & Moore denies each and every allegation contained in that Paragraph.

38.     Answering Paragraph 38, Ninyo & Moore admits that Plaintiffs have retained attorneys in this case.  Ninyo & Moore denies the allegation that the Defendant may be held liable for any such fees and costs.

**SECOND CAUSE OF ACTION**
**(Negligence per Se – Against All Defendants)**

39.     Ninyo & Moore incorporates each and every admission, denial, and affirmative allegation contained in Paragraphs 1 through 38 of this Answer as though fully set forth herein.

40.     Answering Paragraph 40, Ninyo & Moore admits that there were statutes, ordinances, and regulations in existence at the time of the accident.  Ninyo & Moore specifically denies that it violated any such statutes, ordinances or regulations.

41.     Answering Paragraph 41, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41, and therefore denies them.

42.     Answering Paragraph 42, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and therefore denies them.

43.     Answering Paragraph 43, Ninyo & Moore denies the allegations contained in that Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 43, Ninyo &
/ / /

1  Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those

2  allegations, and therefore denies them.

3          44.     Answering Paragraph 44, Ninyo & Moore denies the allegations contained in that

4  Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 44, Ninyo &

5  Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those

6  allegations, and therefore denies them.

7          45.     Answering Paragraph 45, Ninyo & Moore lacks sufficient knowledge or

8  information to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, and

9  therefore denies them.

10         46.     Answering Paragraph 46, Ninyo & Moore denies the allegations contained in that

11  Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 46, Ninyo &

12  Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those

13  allegations, and therefore denies them.

14         47.     Answering Paragraph 47, Ninyo & Moore lacks sufficient knowledge or

15  information to form a belief as to the truth or falsity of the allegations contained in Paragraph 47, and

16  therefore denies them.

17         48.     Answering Paragraph 48, Ninyo & Moore lacks sufficient knowledge or

18  information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48, and

19  therefore denies them.

20         49.     Answering Paragraph 49, Ninyo & Moore denies each and every allegation

21  contained in that Paragraph.

22         50.     Answering Paragraph 50, Ninyo & Moore admits that Plaintiffs have retained

23  attorneys in this case.  Ninyo & Moore denies the allegation that any of the Defendants may be held

24  liable for any such fees and costs associated with those attorneys.

25  / / /

26  / / /

27  / / /

28  / / /

### THIRD CAUSE OF ACTION
#### (Loss of Consortium Against All Defendants)

51.     Ninyo & Moore incorporates each and every admission, denial, and affirmative allegation contained in Paragraphs 1 through 50 of this Answer as though fully set forth herein.

52.     Answering Paragraph 52, Ninyo & Moore admits the allegations contained in that Paragraph.

53.     Answering Paragraph 53, Ninyo & Moore denies the allegations contained in that Paragraph as they relate to it.  As to the remaining allegations contained in Paragraph 53, Ninyo & Moore lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies them.

54.     Answering Paragraph 54, Ninyo & Moore admits that Plaintiffs have retained attorneys in this case.  Ninyo & Moore denies the allegation that any of the Defendants may be held liable for any such fees and costs associated with those attorneys.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses in this case, Ninyo & Moore asserts the following:

1.     Any damages or losses experienced by Plaintiffs are the result of the actions of a third party over whom Ninyo & Moore had no control;

2.     Mr. Rock was comparatively negligent in connection with the accident giving rise to this lawsuit;

3.     Any condition at issue in this case was open and obvious;

4.     Plaintiffs have failed to mitigate any damages suffered as the result of the accident at issue in this case;

5.     Defendant is entitled to a setoff for any recoveries Plaintiffs have already received in connection with the event giving rise to this lawsuit;

6.     The accident at issue in this case was caused by an act of God;

7.     Plaintiffs have failed to state a claim for which relief may be granted;

8.     Ninyo & Moore the right to add such other and additional affirmative defenses as they become known during the course of discovery.

8

**PRAYER FOR RELIEF**

WHEREFORE, Ninyo & Moore respectfully requests that Judgment be entered in its favor and against the Plaintiffs as follows:

1.     That Plaintiffs' Amended Complaint be dismissed and that they take nothing thereby;

2.     That Ninyo & Moore be awarded its fees and costs incurred in this case together with interest at the highest rate permitted by law until paid in full; and

3.     For such other and further relief this Court deems just and appropriate under the circumstances of this case.

DATED this _____ day of June, 2017.

HALL JAFFE & CLAYTON, LLP

By _____
MICHAEL R. HALL, ESQ.
Nevada Bar No. 005978
STEPHEN M. DIXON, ESQ.
Nevada Bar No. 010025
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant,*
*Ninyo & Moore, Geotechnical Consultants dba Ninyo &*
*Moore Geotechnical & Environmental Sciences*
*Consultants*

1

**CERTIFICATE OF SERVICE**

2       Pursuant to NRCP 5(b), I hereby certify under penalty of perjury that I am an employee of HALL

3   JAFFE & CLAYTON, LLP, and that on the 5th day of June, 2017, the foregoing **DEFENDANT**

4   **NINYO & MOORE, GEOTECHNICAL CONSULTANTS dba NINYO & MOORE**

5   **GEOTECHNICAL & ENVIRONMENTAL SCIENCES CONSULTANTS' ANSWER TO**

6   **PLAINTIFFS' FIRST AMENDED COMPLAINT** was served upon the parties by the Court's

7   designated electronic filing and service program and/or by placing an original or true copy thereof in a

8   sealed envelope, and depositing it in the U.S. Mail, postage prepaid, at Las Vegas, Nevada, addressed as

9   follows:

10
Robert T. Eglet, Esq.<br>Robert M. Adams, Esq.

11
EGLET PRINCE<br>400 South Seventh Street, 4th Floor

12
Las Vegas, NV 89101<br>*Attorneys for Plaintiffs*

13

14

15
An Employee of<br>HALL JAFFE & CLAYTON, LLP

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Exhibit D

ELECTRONICALLY SERVED
6/6/2017 2:55 PM

FILED

2017 JUN -6 P 4: 11

ADR

1

2   **PET**
  DENNIS M. PRINCE, ESQ.
3   Nevada Bar No. 5092
  ROBERT M. ADAMS, ESQ.
4   Nevada Bar No. 6551
  KEVIN T. STRONG, ESQ.
5   Nevada Bar No. 12107
  **EGLET PRINCE**
6   400 South Seventh  Street, Suite 400
  Las Vegas, Nevada 89101
7   Telephone:   (702) 450-5400
  Facsimile:   (702) 450-5451
8   Email:     eservice@egletlaw.com
9   *Attorneys for Plaintiffs*

10                   DISTRICT COURT

11              CLARK COUNTY, NEVADA

12

13   LOUIS ROCK and DEBBY ROCK,
14   Individually and as Husband and Wife,       CASE NO. A-17-754824-C

15         Plaintiffs,              DEPT. NO. XIII

16   vs.

17

18   NINYO & MOORE, GEOTECHNICAL
  CONSULTANTS dba NINYO & MOORE     **PETITION FOR EXEMPTION**
19   GEOTECHNICAL & ENVIRONMENTAL     **FROM ARBITRATION**
  SCIENCES CONSULTANTS, a Foreign
20   Corporation; ROADSAFE TRAFFIC
  SYSTEMS, INC., a Foreign Corporation; DOE
21   INDIVIDUALS 1 through 100; and ROE
  CORPORATIONS 1 through 100, inclusive,
22

23         Defendants.

24

25

26     Plaintiffs, LOUIS ROCK and DEBBY ROCK, by and through his attorneys of record,

27   DENNIS M. PRINCE, ESQ., ROBERT M. ADAMS, ESQ. and KEVIN T. SRONG, ESQ., of

28

the law firm **EGLET PRINCE**, hereby request that the above-entitled matter be exempted from arbitration pursuant to Nevada Rules Governing Alternative Dispute Resolution 3 and 5, because the action has a probable jury award value in excess of $50,000.00.

I.

### FACTUAL BACKGROUND

This personal injury action arises out of an incident which occurred on May 12, 2015 when Plaintiff LOUIS ROCK was driving his vehicle westbound on Cheyenne Avenue, near Decatur Boulevard, and his vehicle struck a metal object that was sticking out of the travel lane in the roadway. Defendants were responsible for the planning and/or design and/or construction and/or maintenance and/or barricading of all or part of the relevant portions of Cheyenne Avenue at the location of the subject collision. Plaintiff has alleged that Defendants performed, or failed to be performed, in such a negligent and careless manner as to cause the subject collision. Moreover, Plaintiff has alleged that Defendants posted no warning signs, cones or barriers to alert drivers that a metal object was sticking out of the travel lane in the roadway.

As a direct a proximate result of the incident, Plaintiff LOUIS ROCK sustained injuries to his cervical, thoracic and lumbar spine. His medical treatment has included nerve blocks in his cervical spine; laminectomies at T10-T11 and C4-C5; and the placement of a cervical spinal cord stimulator. Unfortunately, he will require medical treatment into the future.

| | Past Medical Expenses | Charges |
|---|---|---|
| 1. | Louis Mortillaro, Ph.D | To be determined |
| 2. | Integrated Medical Management | To be determined |
| 3. | Nevada Spine Clinic | $16,610.85 |
| 4. | Nevada Anesthesia | $787.50 |
| 5. | Smoke Ranch Surgery Center | $13,206.50 |
| 6. | Lake Mead Radiologist | $3,300.00 |
| 7. | Desert Radiologists | $2,526.03 |

2

| 8. | PBS Anesthesia | $1,875.00 |
|---|---|---|
| 9. | Interventional Pain and Spine | $21,980.00 |
| 10. | Surgical Arts Center | $14,397.00 |
| 11. | Western Regional Center | $66,075.00 |
| 12. | Anesthesiology Consultants | $1,080.00 |
| 13. | Valley Medical Center | $339,649.00 |
| 14. | Surgical Anesthesia | $5,400.00 |
| | **TOTAL MEDICAL EXPENSES TO DATE:** | $487,086.88 |

II.

## CONCLUSION

Based upon Plaintiff's injuries, past medical treatment, future medical treatment, pain and suffering, the probable jury award value exceeds $50,000.00. Accordingly, Plaintiff requests the matter be exempted from Court Annexed Arbitration.

III.

## CERTIFICATION

I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption(s) stated above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this 6th day of June, 2017.

EGLET PRINCE

DENNIS M. PRINCE, ESQ.
Nevada Bar No. 5092
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
KEVIN T. STRONG, ESQ.
Nevada Bar No. 12107
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET PRINCE, and that on the 6th day of June, 2017, I caused the foregoing document entitled **PETITION FOR EXEMPTION FROM ARBITRATION** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

HALL JAFFE & CLAYTON, LLP
Michael R. Hall, Esq.
Stephen M. Dixon, Esq.
7425 Peak Drive
Las Vegas, Nevada 89128
mhall@lawhjc.com
sdixon@lawhjc.com
Attorneys For Defendants
Ninyo & Moore, Geotechnical Consultants dba Ninyo & Moore Geotechnical & Environmental
Sciences Consultants

An Employee of EGLET PRINCE

4